UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24 CV 170 JMB |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's (Renewed) Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 22).  Defendant has no objection.  For the reasons set forth below, the motion is **GRANTED**.

Plaintiff retained attorney Kelsey Young on September 15, 2024 to represent him with respect to his claims for benefits in proceedings before this Court.  Pursuant to a contingent fee agreement, Plaintiff agreed to pay counsel 25% of back benefits recovered and that he will be refunded the lesser amount of either attorney fees recovered pursuant to § 406(b) or the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 19-5).  On January 29, 2025, this Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 14).  On April 28, 2025, the Court awarded Plaintiff attorney fees in the amount of $5,040.00, pursuant to the EAJA (Doc. 18).  There is no indication in the record that any of the EAJA fee was subject to offset for any preexisting debt Plaintiff owed the United States, and the entire sum was paid to Plaintiff's attorney.

Upon remand, Plaintiff received a fully favorable decision.  He was awarded $82,888.00 (Doc. 19-4, p. 3).  In its award, the Social Security Administration indicated that it withheld

$9,200.00 for attorney fees; however, Plaintiff has represented that that amount was never paid to her.  This Court initially denied, without prejudice, Plaintiff's first 406(b) motion, noting a discrepancy in the amount requested and the amount the Court presumed Plaintiff's attorney had already been paid.  Plaintiff has addressed the Court's concerns and now moves for payment of $20,722.00, pursuant to 42 U.S.C. §406(b) for work performed before this Court.

Section 406(b) of the Social Security Act governs fees for representation of Social Security claimants in court.  Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002) (citing 20 C.F.R. § 404.1728(a)).  Under § 406(b), "a court may allow 'a reasonable fee . . .  not in excess of 25 percent of the . . . past-due benefits awarded to the claimant."  Id. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  Id. The court is required, however, to assess the reasonableness of attorney fees requested under contingent-fee agreements.  Id. at 809.  And, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  Courts must first examine the contingent fee arrangement, then test the agreement for reasonableness, and appropriately reduce it, if necessary, based on the character of the representation and the results achieved.  Id. at 808.  For example, reductions are required if the attorney was responsible for delay or the benefits are large in comparison to the amount of time counsel spent on the case.  Id.

Plaintiff submits the award of benefits letters from the Social Security Administration, the fee agreement, and an itemization of the legal services provided in connection with Plaintiff's claim.  Defendant neither supports nor objects to the fee request and instead notes that the Court must decide if the fees are reasonable.  After independently reviewing the record in this case, the undersigned finds that the § 406(b) fee request is reasonable. Therefore, the Court will award

Plaintiff's counsel attorney's fees under § 406(b) in the amount of $20,722.00, representing 25% of Plaintiff's past due benefits.  Pursuant to the contingent fee arrangement, counsel shall refund to Plaintiff the EAJA fee, which is the lesser amount, of $5,040.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is awarded $20,722.00 in attorney fees pursuant to 42 U.S.C. § 406(b).  This amount represents 25 percent of Plaintiff's past-due benefits that is being held by the Social Security Administration for direct payment to Plaintiff's counsel as an authorized attorney fee.

**IT IS FURTHER ORDERED** that upon payment by the Social Security Administration, Plaintiff's counsel shall forthwith refund to Plaintiff the EAJA fee amount, $5,040.00.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of May, 2026.

3